# United States Court of Appeals for the Fifth Circuit

———————

No. 25-20215

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2026

Lyle W. Cayce
Clerk

James Kenneth Clark; Agape Broadcasters, Incorporated,

*Plaintiffs—Appellants*,

*versus*

American National Property & Casualty Company,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-2370

———————————————————

Before Haynes, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

This case concerns whether a pilot was covered under an aircraft insurance policy. The aircraft's lessee runs a flying club, of which the pilot was a member. The pilot crashed the aircraft into a communications tower, damaging the communications tower and the property on which it stood. The tower's lessee and the owner of the property each obtained a federal-court

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

judgment against the pilot's estate. They then filed separate suits in Texas state court, seeking to recover on the judgments from the aircraft's insurer. The insurer removed both actions to federal court and, after the cases were consolidated, the district court granted summary judgment in the insurer's favor, holding that the pilot was not covered under the policy.

For the reasons set forth below, we REVERSE, holding that there was a genuine issue of material fact as to whether the pilot was covered under the insurance policy, and REMAND to the district court for further proceedings.

## I.    Background

### A.  The Flying Club and the Accident

Mackem Aviation, LLC ("Mackem") runs a flying club, Space City Aviators (the "Flying Club"), of which Marcus Todd Sampson was a member. An Aircraft Use Agreement, signed by Sampson, indicated that Sampson was able to use Mackem's leased aircraft in exchange for paying "recurring club dues, fees, and membership related costs," as well as "club aircraft rental fees."

On August 31, 2018, Sampson flew an aircraft leased by Mackem (the "Aircraft") into a communications tower, fatally injuring himself and his six-year-old daughter. The communications tower was leased by Agape Broadcasters, Inc. ("Agape") and was located on property owned by James Kenneth Clark (collectively, "Plaintiffs"). The crash resulted in property damage to Plaintiffs.

### B.  The Insurance Policy

At the time of the accident, the Aircraft was insured by way of an Aircraft Insurance Policy (the "Policy") issued by defendant American National Property and Casualty Company ("ANPAC").

No. 25-20215

The Policy named "Macke[m] Aviation, LLC and its individual executive officers and members"[1] as the insured, and described a "member" as "any person having an ownership interest in the aircraft or [Mackem]." The Policy also extended coverage to "someone we protect," defined as "any person or organization, other than [Mackem], we provide liability coverage through this policy." The Policy also stated that "someone we protect" means "any organization or person [Mackem] permit[s] to operate the aircraft" and includes, among other things, "any person riding in the aircraft and any person or organization legally responsible for the use of the aircraft provided such use is with [Mackem's] express permission."

The Policy specifically provided, under a paragraph entitled "Who Is Not Protected," that "bodily injury and property damage coverage does not protect . . . Renter Pilots." "Renter Pilot" was defined as "any person or organization who is renting the aircraft from [Mackem], including student pilots."

One paragraph of the Policy's Coverage Identification Page, entitled "The Use of the Aircraft," stated that "[t]he aircraft will be used for [Mackem's] pleasure and business related purposes where no charge is made for such use and also may be used for Other Uses described below[.]" Listed under "Other Uses" was "NO EXCEPTIONS." However, an endorsement to the Policy ("Endorsement 3") altered this paragraph, causing "Other Uses" to read: "Instruction and/or Rental for which [Mackem] make[s] a charge to others."

---

[1] The record indicates that the Policy's named insured is "Macken," not "Mackem." In their briefing, Plaintiffs misquote the Policy as naming "Mackem," while ANPAC correctly quotes it as "Macken" without addressing the discrepancy.

No. 25-20215

### C. Procedural History

Both Clark and Agape filed suits in federal district court against Sampson's estate and others for, among other things, damage caused by the accident. The district court granted summary judgment in favor of each Plaintiff. Clark obtained a judgment in the amount of $412,543.12, plus legal interest and costs, and Agape obtained a judgment in the amount of $6,023,642.00, plus interest and costs. Subsequently, Plaintiffs filed separate suits in Texas state court seeking payment from ANPAC for the judgment amounts, arguing that Sampson was covered under the Policy. ANPAC promptly removed both cases to federal court under diversity jurisdiction, and the district court consolidated the cases for all purposes pursuant to Federal Rule of Civil Procedure 42(a).

In the district court, ANPAC moved for summary judgment, arguing that Sampson was not covered under the Policy because Sampson was not a named insured and was specifically excluded from coverage as a "Renter Pilot." The district court granted summary judgment in favor of ANPAC. Plaintiffs jointly and timely appealed.

## II.     Jurisdiction & Standard of Review

The district court had jurisdiction under 28 U.S.C. § 1332(a). This case was remanded to the district court to determine jurisdiction, and we concur with its decision that there is diversity jurisdiction. We have appellate jurisdiction under 28 U.S.C. § 1291 because the district court entered a final judgment.

Because this case is heard under diversity jurisdiction, we apply Texas substantive law. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Hagen v. Aetna Ins. Co.*, 808 F.3d 1022, 1026 (5th Cir. 2015) (citation omitted).

### III.    Analysis

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We consider all evidence in the light most favorable to the non-movant—here, Plaintiffs. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

In reviewing whether the district court's grant of summary judgment in favor of ANPAC was proper, we must determine whether Sampson was covered under the Policy. The parties read the Policy quite differently, providing a different reading for each critical policy provision.

ANPAC argues that Sampson was not covered under the Policy because he was not a named insured, as he was neither an officer nor a member of Mackem's organization. Plaintiffs do not dispute this. Instead, Plaintiffs contend that Sampson was covered as "someone we protect," because he was operating the aircraft with Mackem's express permission.[2]

But ANPAC argues that Sampson was not protected under the definition of "someone we protect," because the Policy explicitly excluded "Renter Pilots." Plaintiffs maintain that the Policy *did* provide coverage for Renter Pilots because the language of Endorsement 3 supersedes the original

---

[2] ANPAC argues that "Plaintiffs cannot argue that Endorsement 3 expanded coverage to include Sampson because he was using the aircraft as a rental, but then argue that he is not a Renter Pilot, when the Policy specifically excludes Renter Pilots from liability coverage." However, we see this as a nonissue. Plaintiffs put forth an argument that Sampson was not a Renter Pilot *in the alternative* to their argument that Renter Pilots were indeed covered under the Policy.

paragraph of the Policy, entitled "The Use of the Aircraft," which excluded Renter Pilots. ANPAC counters that Endorsement 3 did not expand liability coverage to include Renter Pilots, but instead "ensured coverage for damage to the aircraft itself when it was being used for instructional or rental purposes." Nonetheless, Plaintiffs further argue that *even if* the Policy excludes Renter Pilots, this term does not include Sampson because Mackem is not a rental company, but rather a flying club through which members are able to use the aircraft.

Lastly, Plaintiffs argue that, regardless, whether Sampson was covered under the Policy presents a genuine dispute of material fact, and thus summary judgment was improper. We agree with Plaintiffs that whether Sampson was covered under the Policy is ambiguous.

Under Texas law, an insurance policy is ambiguous if its language is "susceptible to two or more reasonable interpretations." *Texas Farm Bureau Mut. Ins. Co. v. Sturrock*, 146 S.W.3d 123, 126 (Tex. 2004) (citation omitted). If it is ambiguous, "summary judgment is inappropriate because the interpretation of a contract is a question of fact." *Fireman's Fund Ins. Co. v. Murchison*, 937 F.2d 204, 207 (5th Cir. 1992) (citation omitted). Here, both Plaintiffs' and ANPAC's interpretations are reasonable.

It is reasonable for Plaintiffs to interpret Endorsement 3 as superseding the base Policy's exclusion of coverage for Renter Pilots. *See Mid-Continent Cas. Co. v. Bay Rock Oper. Co.*, 614 F.3d 105, 115 (5th Cir. 2010) ("Endorsements to a policy generally supersede and control over conflicting printed terms within the main policy[.]" (citation modified)). But it is also reasonable for ANPAC to interpret Endorsement 3 as merely extending coverage to damage to the Aircraft when operated by a Renter Pilot, instead of extending liability coverage to Renter Pilots. After all, the paragraph altered by endorsement was entitled "The Use of the Aircraft,"

while the paragraph excluding Renter Pilots that was *not* altered by endorsement was entitled "Who Is Not Protected." Although ANPAC's argument appears more convincing on its face, "intent to exclude coverage must be expressed in clear and unambiguous language." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Hudson Energy Co., Inc.,* 811 S.W.2d 552, 555 (Tex. 1991).

Regardless, ambiguity remains even if the Policy *does* exclude Renter Pilots. In that case, Plaintiffs reasonably assert that Sampson was not a Renter Pilot due to the nature of the Flying Club. Sampson would then likely be covered under the Policy as "someone we protect." However, ANPAC has a reasonable argument that Sampson was a Renter Pilot due to the fact that Sampson was "required to pay recurring club dues, fees, and membership related costs" and, most convincingly, the Aircraft Use Agreement required him to pay "rental fees."

Because the Policy is ambiguous, consideration of extrinsic evidence is appropriate. *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 480 (Tex. 2019). Accordingly, granting summary judgment was improper.

## IV.    Conclusion

Accordingly, we REVERSE the district court's grant of summary judgment and REMAND the case to the district court for further proceedings.